UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TROY ALAN FRAZEE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-164 |
| | § | |
| GENERAL ELECTRIC COMPANY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Plaintiff Troy Alan Frazee's ("Plaintiff") motion to remand (D.E. 6) his negligence and gross negligence action against Defendants Gabriel Parra ("Parra") and General Electric Company ("GE"). GE removed the action to this Court on the basis of diversity jurisdiction (D.E. 1). For the reasons set out below, Plaintiff's motion is **GRANTED**.

## BACKGROUND

On March 6, 2014, Plaintiff, a Texas resident, filed this action in the County Court of Law No. 4 for Nueces County, Texas, naming GE and Parra as defendants. D.E. 1-4. Plaintiff claims that Parra, a resident of Texas, ran a red light and collided with Plaintiff's truck. D.E. 1-4, p. 2. Plaintiff also claims that Parra was driving while in the course and scope of his employment with GE during the time of the accident. D.E. 1-4, p. 2. Plaintiff served GE on March 13, 2015. D.E. 1-5. GE was incorporated in New York and its principal office is located in Connecticut. D.E. 1, p. 1.

On April 7, 2015, GE filed its notice of removal. D.E. 1. Parra was served on June 2, 2015, in state court. D.E. 6-1. On June 18, 2015, Plaintiff filed its motion to remand to state court. D.E. 6. Plaintiff contends that "GE's sole justification for removal of this case—complete diversity between the *served* parties—has been extinguished with the service of citation upon Gabriel Parra, a Texas resident and citizen." D.E. 6, p. 4 (emphasis in original).

## ANALYSIS

### 1. General Principles

"The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Maguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Maguno*, 276 F.3d at 723. The strict construction rule arises because of "significant federalism concerns." *See generally Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

Under 28 U.S.C. § 1441, an action filed in state court may be removed to federal court when (1) federal jurisdiction exists and (2) the removal procedure is properly followed. For a defendant to invoke the Court's removal jurisdiction based on diversity, "the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied" including that the citizenship of

every plaintiff is diverse from the citizenship of every defendant.  *Smallwood v. Ill. Cent. R.R. Co., Inc.*, 385 F.3d 568, 572 (5th Cir. 2004).  Moreover, "diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court."  *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).

In an action removed to federal court, a district court must remand the case if, at any time before final judgment, it determines that it lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).

### 2. Federal Jurisdiction

After reviewing the motions and relevant caselaw, the Court holds that it lacks jurisdiction.  As the Fifth Circuit made clear, "[a] nonresident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant."  *N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998).  "Whenever federal jurisdiction in a removed case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."  *Id.*; *see also New Bethlehem Missionary Baptist Church v. Church Mutual Ins. Co.*, 2010 WL 936477, at *2 (S.D. Tex. Mar. 11, 2010); *DTND Sierra Invs., LLC v. Bank of N.Y. Mellon Trust Co., N.A.*, 2013 WL 432923, at *1 n.2 (W.D. Tex. Feb. 4, 2013).

In the case at hand, Plaintiff named GE and Parra in his original state action.  GE does not contend that Plaintiff joined Parra in bad faith.  Furthermore, it is undisputed that Plaintiff and Parra are both residents of Texas—a fact that eliminates complete

diversity and, consequently, this Court's jurisdiction. As a result, Plaintiff's motion to remand this action to state court is appropriate.

## CONCLUSION

For the reasons set out above, Plaintiff's motion to remand (D.E. 6) is **GRANTED**.

ORDERED this 22nd day of July, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE